# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# AT OWENSBORO

**LONNIE WAYNE BUNCH**  PLAINTIFF

v.  CIVIL ACTION NO. 4:16CV-P42-JHM

**DAVIESS COUNTY DETENTION CENTER**  DEFENDANT

## MEMORANDUM OPINION

On April 15, 2016, Plaintiff Lonnie Wayne Bunch filed a *pro se* complaint pursuant to 42 U.S.C. § 1983, alleging various Eighth Amendment violations involving his medical and mental health care at Daviess County Detention Center (DN 1). That same day, he also filed an application to proceed without prepayment of fees (DN 3).

By Order entered May 4, 2016, the Court granted Plaintiff's application to proceed without prepayment of fees (DN 5). The Clerk of Court sent a copy of that Order to Plaintiff at the address he had provided to the Court. However, the Order was returned to the Court marked "Return to Sender, Not Deliverable as Addressed, Unable to Forward" (DN 6).

Upon filing the instant action, Plaintiff assumed the responsibility to keep this Court advised of his current address and to actively litigate his claims. *See* LR 5.2(e) ("All pro se litigants must provide written notice of a change of residential address, and, if different, mailing address, to the Clerk and to the opposing party or the opposing party's counsel. Failure to notify the Clerk of an address change may result in the dismissal of the litigant's case or other appropriate sanctions."). Because Plaintiff has not provided any notice of an address change to the Court, neither orders nor notices from this Court nor filings by Defendant can be served on him.

Rule 41(b) of the Federal Rules of Civil Procedure authorizes the involuntary dismissal of an action if a plaintiff fails to prosecute or to comply with an order of the court. *See Jourdan v. Jabe*, 951 F.2d 108, 109 (6th Cir. 1991) ("Fed. R. Civ. P. 41(b) recognizes the power of the district court to enter a *sua sponte* order of dismissal."). Although federal courts afford *pro se* litigants some leniency on matters that require legal sophistication, such as formal pleading rules, the same policy does not support leniency from court deadlines and other procedures readily understood by laypersons, particularly where there is a pattern of delay or failure to pursue a case. *Id.* at 110. "As this court has noted, the lenient treatment generally accorded to pro se litigants has limits. Where, for example, a pro se litigant fails to comply with an easily understood court-imposed deadline, there is no basis for treating that party more generously than a represented litigant." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996) (citing *Jourdan v. Jabe*, 951 F.2d at 110). "Further, the United States Supreme Court has recognized that courts have an inherent power to manage their own affairs and may dismiss a case sua sponte for lack of prosecution." *Lyons-Bey v. Pennell*, 93 F. App'x 732, 733 (6th Cir. 2004) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962)).

Because Plaintiff has failed to provide an updated address to the Court and an Order sent to Plaintiff by this Court has been returned, the Court concludes that Plaintiff has failed to comply with Local Rule 5.2(e) and has abandoned any interest in prosecuting this action. Therefore, the Court will dismiss the action by separate Order.

Date: July 21, 2016

**Joseph H. McKinley, Jr., Chief Judge**
**United States District Court**

cc: Plaintiff, *pro se*
     Defendant
4414.003